```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

ROBERT (STAR) LOCKE, dba        §
FT. STAR RANCH,                 §
                                §
     Plaintiff,                 §
                                §
VS.                             §   Civil Action No. 06-305
                                §
CITY OF CORPUS CHRISTI,         §
ROBERT SMITH, DOTTIE CLOVER,    §
OLD JOE DAWSON HORSE FARM,      §
                                §
     Defendants.                §
```

### ORDER DISMISSING PLAINTIFF'S COMPLAINT

On this day came on to be heard the Court's <u>sua sponte</u> determination that Plaintiff's Complaint must be DISMISSED for lack of subject matter jurisdiction, and in the alternative, for failure to prosecute.

### I.   Plaintiff's Allegations

Plaintiff, Robert "Star" Locke, brings this action against the City of Corpus Christi, Animal Control Officer Robert Smith, Dottie Clower[1] and Old Joe Dawson Horse Farm ("Defendants"), in connection with the seizure of certain of Plaintiff's farm animals on July 14, 2004.[2]  (D.E. 1, Plaintiff's Complaint ("Complaint"), ¶¶ 6-7, 9).

---

[1] Ms. Clower is incorrectly named as "Dottie Clover" in Plaintiff's Complaint.

[2] Defendants may not have been served in this case.  This Court may still issue a <u>sua sponte</u> dismissal on subject matter jurisdiction grounds even if the Defendants have not yet been

Plaintiff claims that Mr. Smith and Corpus Christi police officers entered his property without a search warrant and seized his farm animals, and that Ms. Clower and her agents abused the animals during their removal from Plaintiff's ranch.  (Complaint, ¶ 9).

Plaintiff has brought the following causes of action against Defendants: (1) 42 U.S.C. § 1983 ("Section 1983") claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution; (2) Violation of Art. 1, § 1 of the Texas Constitution; (3) Malicious Prosecution; (4) Intentional Infliction of Emotional Distress; and (5) Slander and Libel.  (Complaint, ¶¶ 6-15).  Plaintiff seeks damages of $575 per day since July 15, 2004 for lost income from his horse rental business, $24,500 for the cost of his five horses and $700 million in punitive damages.  (Complaint, "Damages" Section).

## II.  Prior Litigation Based on Same Facts

Plaintiff has brought other cases in the U.S. District Court for the Southern District of Texas regarding the same factual situation (<u>Locke v. City of Corpus Christi</u>, Case No. 04-443, <u>Texas</u>

---

served.  <u>See</u> <u>Duncan v. Perez</u>, 2005 WL 1515428, *1 (5th Cir. 2005); <u>Goins v. Hitchcock Indep. Sch. Dist.</u>, 424 F.Supp.2d 902, 905 (S.D. Tex. 2003); <u>see also</u> <u>Zernial v. United States</u>, 714 F.2d 431, 433-434 ("[s]ua sponte dismissal for lack of subject matter jurisdiction is, of course, proper at any stage of the proceedings.").

v. Locke, Case No. 04-428, and Locke v. Clower, et al., Case No. 05-125).

Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice of the record in the earlier cases Plaintiff brought in the U.S. District Court for the Southern District of Texas. See MacMillan Bloedel Ltd. v. Flinkote Co., 760 F.2d 580, 587 (5th Cir. 1985) ("[a] court may take judicial notice of related proceedings and records in cases before the same court."); Missionary Baptist Found. of Am., Inc. v. Huffman, 712 F.2d 206, 211 (5th Cir. 1983) ("[a] court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom."); Moore v. Estelle, 526 F.2d 690, 694 (5th Cir. 1976); Santibanez v. Wier McMahon & Co., 105 F.3d 234, 240 (5th Cir. 1997).[3]

**A.   Locke v. City of Corpus Christi, Case No. 04-443**

Plaintiff filed his complaint in Locke v. City of Corpus Christi, Case No. 04-443, with this Court on August 20, 2004 ("Case

---

[3]Federal Rule of Evidence 201 states that the court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. A court may take judicial notice sua sponte, even when no request has been made by the parties. See id. The court may take judicial notice at any stage of the proceeding. See Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018 (5th Cir. 1996).

No. 04-443 Complaint"). In Case No. 04-443, Plaintiff sued the City of Corpus Christi for violation of his rights under the United States Constitution (search and seizure, due process and false witness).[4] Plaintiff alleged that the City conducted an "illegal search and seizure" of his property and animals without due process, in violation of his property rights and his right to earn a living. (Case No. 04-443 Complaint, ¶¶ 2-5). Plaintiff also claimed he was defamed by the City hiring witnesses to testify falsely against him. (Case No. 04-443 Complaint, ¶ 7). Plaintiff claimed the same compensatory and punitive damages in Case No. 04-443 as he does in the case presently before the Court. (Complaint, "Damages" Section, Case No. 04-443 Complaint, ¶ 8).

On October 11, 2004, this Court issued an order dismissing Plaintiff's complaint in Case No. 04-443 (D.E. 11, "Dismissal Order"). The Court dismissed the case on subject matter jurisdiction grounds, pursuant to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine holds that federal courts lack jurisdiction to entertain collateral attacks on state court judgments. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 906 (1994). As this Court determined that it lacked subject matter jurisdiction over Plaintiff's federal

---

[4] Plaintiff's Complaint in Case No. 04-443 is entitled: "Violation of U.S. Constitution Rights: Illegal Search and Seizure[,] Deny (sic) of Due Process[,] Private Property Rights Violated[,] False Witnesses."

constitutional claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law slander and libel claims. (Dismissal Order, p. 8).  See 28 U.S.C. § 1367(c)(3); see also Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004) ("[a] district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction.").[5]

### B. Locke v. Clower, et al., Case No. 05-125

On February 18, 2005, Plaintiff filed a complaint against Dottie Clower and Old Joe Dawson Horse Farm in Texas state court. (Case No. 05-125 Notice of Removal, Exh. B ("Original Petition")). Plaintiff's complaint alleged the same facts as his previous complaints, essentially that the defendants illegally seized his animals in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. (Original Petition, ¶¶ 1-5, 8). Plaintiff also alleged that the defendants abused the animals when they removed them from the ranch, and that Ms. Clower and her employees committed slander and libel against him. (Original Petition, ¶¶ 4, 6).[6]  Plaintiff claimed compensatory

---

[5] This Court also held in the Dismissal Order that even if the Rooker-Feldman doctrine did not apply, Plaintiff's claims would still have to be dismissed for failure to state a claim upon which relief can be granted. (Dismissal Order, pp. 9-13).

[6] Plaintiff's Original Petition is entitled "Slander, Liable (sic), Perjury, False Witnessing, Horse Rusteling (sic), Cow

damages of $54,500 and punitive damages of $20 million. (Original Petition, ¶¶ 8, 10). Ms. Clower's counsel removed the case to the U.S. District Court for the Southern District of Texas on March 10, 2005, where it was assigned to Chief Judge Head. (Case No. 05-125 Notice of Removal, Docket Sheet for Case No. 05-125).

Magistrate Judge Janice Ellington prepared a Memorandum and Recommendation on Defendant Clower's Motion to Dismiss ("Memorandum and Recommendation," D.E. 14). Judge Ellington recommended dismissal of Plaintiff's action based on (1) lack of subject matter jurisdiction; (2) collateral estoppel; and (3) derivative judicial immunity on the part of Ms. Clower and her agents. (Memorandum and Recommendation, pp. 3-4). On February 28, 2006, Chief Judge Head adopted Magistrate Judge Ellington's Memorandum and Recommendation and dismissed all of Plaintiff's claims against defendants Clower and Old Joe Dawson Horse Farm with prejudice, on subject matter jurisdiction grounds. (D.E. 16-18).[7]

---

Rusteling (sic), Goat Rusteling (sic), Turkey Rusteling (sic), Animal Abuse Conversion, Conflict of Interest, Violation of U.S. Constitution Rights: Illegal Search and Seizure, Deny (sic) of Due Process & Private Property Rights Violated".

[7]Old Joe Dawson Horse Farm did not appear in the case, but Chief Judge Head sua sponte dismissed Plaintiff's claims against Old Joe Dawson Horse Farm, because "those claims suffer[ed] from the same jurisdictional infirmities that required dismissal of plaintiff's claims against defendant Clower." (D.E. 17).

III. **Factual Background**

The factual background surrounding the seizure of Plaintiff's farm animals is set forth in this Court's Dismissal Order in Case No. 04-443 (D.E. 11)[8].

On July 14, 2004, Corpus Christi Animal Control Officer Robert Smith filed a probable cause affidavit with the Corpus Christi Municipal Court, alleging that the animals on Plaintiff's property were being treated in a manner which violated the City's Code of Ordinances. (Dismissal Order, pp. 1-2).

On July 15, 2004, a Judge of the Municipal Environmental Court issued a warrant for the seizure of the animals, pursuant to Section 821.022 of the Texas Health and Safety Codes (governing the "seizure of cruelly treated animal[s]"). (Dismissal Order, p. 2).

---

[8]The Dismissal Order refers to the probable cause affidavit, warrant and Corpus Christi Municipal Court Seizure Hearing. (Dismissal Order, pp. 1-3). The Dismissal Order notes that the Court did not express an opinion on the state court's ultimate finding that Plaintiff's animals were cruelly treated in violation of the applicable Texas laws, or the state court's ultimate decision to order that some of Plaintiff's animals be given to the Equine Rescue Facility. (Dismissal Order, p. 6). The Court only took judicial notice of the fact that the litigation occurred. (Dismissal Order, p. 6). See Taylor v. Charter Med. Corp., 162 F.3d 827, 830 (5th Cir. 1998) ("a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings") (quotation omitted). The Court found that even if Plaintiff was correct that the state court's findings and rulings were in error and in violation of the United States Constitution, it would be irrelevant to the issue of whether the district court had jurisdiction to decide the case. (Dismissal Order, p. 6). See Liedtke, 18 F.3d at 317.

Officer Smith and others executed this warrant and a number of animals were seized. (Dismissal Order, p. 2, Complaint, ¶¶ 6-7, 9, Case No. 04-443 Complaint, ¶¶ 1-4).

On July 23, 2004, a Municipal Court Judge conducted a "Seizure Hearing," at which Plaintiff appeared and was advised of his right to hire counsel (<u>In Re: Five Horses, One Brahama Bull, One Heifer, Seven Turkeys, One Goat</u>, Cause No. 1650350). (Dismissal Order, p. 2). After hearing testimony and receiving evidence, the Municipal Court found that Plaintiff had "cruelly treated certain of [his] animals and ... should be divested of certain said animal(s)." (Dismissal Order, p. 2). The Municipal Court ordered that five horses and a Brahma bull be given to the Equine Rescue Facility in Taft, Texas, in accordance with Section 821.023(d)(2) of the Texas Health and Safety Codes. (Dismissal Order, p. 2). The Municipal Court ordered that the remainder of the seized animals (a heifer calf, some turkeys and a goat) be returned to Plaintiff. (Dismissal Order, p. 2).[9]

---

[9]On August 12, 2004, Plaintiff attempted to remove the Municipal Court case to the U.S. District Court for the Southern District of Texas (Case No. 04-428, <u>Texas v. Locke</u>). On August 24, 2004, Chief Judge Head remanded the case <u>sua</u> <u>sponte</u> on the grounds that the underlying cause of action was a criminal prosecution and that diversity of citizenship did not exist between the parties. (D.E. 5).

## IV.  The Dismissals on the Grounds of Subject Matter Jurisdiction in Case Nos. 04-443 and 05-125 have Res Judicata Effect

This Court must dismiss Plaintiff's federal law claims for violation of the Fourth and Fourteenth Amendments to the United States Constitution based on the doctrine of res judicata.  The prior dismissals of <u>Locke v. City of Corpus Christi</u> (Case No. 04-443) and <u>Locke v. Clower, et al.</u> (Case No. 05-125) for lack of subject matter jurisdiction have res judicata effect, barring Plaintiff from re-litigating the jurisdictional issue again in federal court.

In order for res judicata to apply, four requirements must be met:  (1) the parties must be identical in both suits (or be in privity with parties who were identical in both suits); (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the same cause of action must be involved in both cases; and (4) the prior judgment must have been a final judgment on the merits.  See <u>Steve D. Thompson Trucking Inc. v. Dorsey Trailers</u>, 870 F.2d 1044, 1045 (5th Cir. 1989).

Regarding the fourth factor, a court's dismissal on the grounds of subject matter jurisdiction is not a final judgment on the merits for purposes of res judicata.  See <u>Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1013 (5th Cir. 1998).  However, "[a]lthough the dismissal of a complaint for

-9-

lack of jurisdiction does not adjudicate the merit[s] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims."  Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980); see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982) ("[i]t has long been held the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal."); Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985) ("[a] dismissal for want of jurisdiction bars access to federal courts and is res judicata ... of the lack of a federal court's power to act."); Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1293 (5th Cir. 1992), cert. denied, 511 U.S. 1032 (1994) ("[i]f the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack.").

Plaintiff has brought the same claims for illegal search and seizure and violation of due process, against the same parties, in two prior cases in the U.S. District Court for the Southern District of Texas.[10]  (Complaint, ¶¶ 6-9, Case No. 04-443 Complaint,

---

[10]Plaintiff has already brought the search and seizure and due process claims against the City of Corpus Christi (Locke v. City of Corpus Christi, Case No. 04-443) and Dottie Clower and Old Joe Dawson Horse Farm (Locke v. Clower, et al., Case No. 05-125).  The

¶¶ 1-5, Case 05-125 Original Petition, ¶¶ 1-3, 5, 8).

In <u>Locke v. City of Corpus Christi</u>, this Court issued a final judgment dismissing the case "for lack of subject matter jurisdiction" on October 11, 2004.  (D.E. 12, Case No. 04-443).  In <u>Locke v. Clower, et al.</u>, Chief Judge Head issued a final judgment dismissing the case on February 28, 2006, based on lack of subject matter jurisdiction.  (D.E. 16-18, Case No. 05-125).  Plaintiff did not appeal the dismissals in either case.  (Docket Sheet, Case No. 04-443, Docket Sheet, Case No. 05-125).

The final judgments issued by the U.S. District Court for the Southern District of Texas, dismissing Plaintiff's claims against the same defendants, for the same causes of action, bar the Plaintiff from re-litigating the subject matter jurisdiction issue in another complaint.  <u>See</u> <u>Steve D. Thompson Trucking</u>, 870 F.2d at 1045; <u>see</u> <u>also</u> <u>Boone</u>, 617 F.2d at 436.  This Court accordingly dismisses Plaintiff's Section 1983 claims for illegal search and seizure and violation of due process on the grounds of lack of

---

only new Defendant Plaintiff adds in the present case is Robert Smith, City of Corpus Christi Animal Control Officer. (Complaint, pp. 3-4). However, Plaintiff has sued Mr. Smith "in his official capacity". (Complaint, ¶ 2). In an official capacity suit, the plaintiff seeks compensation from the "government entity itself." <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 (1985). A suit against Mr. Smith in his official capacity is the same as a suit against the City of Corpus Christi. <u>See</u> <u>id.</u>

subject matter jurisdiction.[11]

## V. Plaintiff's State Law Claims Must Be Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff has also brought state law claims against Defendants for violation of the Texas Constitution, malicious prosecution, intentional infliction of emotional distress, and slander and libel. (Complaint, ¶¶ 9, 12, 14-15).

As this Court has determined that it lacks subject matter jurisdiction over Plaintiff's Section 1983 federal law claims (as that issue has already been decided and has a res judicata effect), this Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. See Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) ("[The supplemental jurisdiction] provision [28 U.S.C. § 1367(c)(3)] is plainly inapplicable because, by its terms, it presupposes that the district court obtained supplemental jurisdiction over the state law claims via original jurisdiction over federal claims arising from the same case or controversy.") (per curiam); see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996) ("since a court

---

[11]The res judicata bar of Plaintiff's federal claims relates to this Court's subject matter jurisdiction, which a district court must examine sua sponte. See Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004) ("federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte."); see also FED. R. CIV. P. 12(h)(3).

must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal ... [for lack of subject matter jurisdiction] precludes a district court from exercising supplemental jurisdiction over related state claims.") (citation omitted).

Thus, along with his other claims, Plaintiff's state law claims (violation of the Texas Constitution, malicious prosecution, intentional infliction of emotional distress, slander and libel) must be dismissed. See id.

## VI.  In the Alternative, Plaintiff's Complaint Must Be Dismissed for Failure to Prosecute

Finally, pursuant to Fed. R. Civ. P. 41(b), Plaintiff's Complaint must be dismissed for his failure to prosecute. "A district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order." Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); see also Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute ... [a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citations omitted); see also Fed. R. Civ. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for

dismissal of an action or of any claim against the defendant.").

This Court scheduled an initial pretrial and scheduling conference in this case for August 24, 2006, at 1:15 p.m. Plaintiff was notified by the Court of the scheduled conference (D.E. 2, p. 1) ("Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference before: The Honorable Janis Graham Jack on Thursday, August 24, 2006 at 1:15 p.m."). Plaintiff, however, failed to appear at the scheduled conference on August 24, 2006. Further, there is no record that Plaintiff ever served any of the named Defendants in this case. (Docket Sheet for Case No. 06-305).

Moreover, in Case No. 05-125, Locke v. Clower, et al., Plaintiff also failed to appear at the scheduled initial pretrial and scheduling conference in that case. (D.E. 9, Memorandum and Recommendation to Dismiss for Want of Prosecution). Plaintiff also failed to file any response to Defendant Clower's motion to dismiss, even after being given a second opportunity to respond after the initial response deadline had passed. (D.E. 9). A "clear record of delay" is a factor which courts may consider in dismissal of a case for failure to prosecute. Morris v. Ocean Systems, Inc., 730 F.2d 248, 252 (5th Cir. 1984).

As a result of Plaintiff's failure to appear at the scheduled initial pretrial and scheduling conference in this case, along with

his past record of delay, Plaintiff's Complaint must be dismissed for his failure to prosecute.  See Fed. R. Civ. P. 41(b); Larson, 157 F.3d at 1031; Morris, 730 F.2d at 252.

**VII. Conclusion**

For the reasons stated above, Plaintiff's Complaint is hereby DISMISSED with prejudice for lack of subject matter jurisdiction, and in the alternative, for failure to prosecute.

SIGNED and ENTERED this 18th day of September, 2006.

_____
Janis Graham Jack
United States District Judge